UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE GENERAL MOTORS ERISA LITIGATION | Civil Action No. 05-71085<br><br>Honorable Nancy G. Edmunds |

**ORDER OF FINAL JUDGMENT AND DISMISSAL**

This matter having come before the Court for hearing, pursuant to the Order of this Court, dated January 30, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement dated as of December 18, 2007, as modified by the Addendum to Class Action Settlement Agreement dated May 19, 2008 (the "Settlement Agreement" or the "Agreement"), and due and adequate notice having been given to the Settlement Class (as defined in the Agreement) as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all members of the Settlement Class.

3.      Based on the finding set out in paragraph 3 of the Preliminary Order, the Court CERTIFIES the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) (the Settlement Class):

> All persons who were participants or beneficiaries of the General Motors Personal Savings Plan for Hourly Rate Employees or the General Motors Savings-Stock Purchase Program for Salaried Employees and held an interest in the GM Common Stock Fund in their plan accounts at any time between March 18, 1999 and May 26, 2006, inclusive, who bring claims for breach of fiduciary and co-fiduciary duty under ERISA.  Excluded from the Settlement Class are Defendants, their heirs, successors in interest and assigns, to the extent such persons acquire an interest held by Defendants.

The Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

4.      The Named Plaintiffs are adequate class representatives of the Settlement Class and, therefore, the Court hereby appoints Named Plaintiffs as the representatives of the Settlement Class.

5.      As required by Fed. R. Civ. P. 23(g), the Court has considered:  (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class action, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this action (breach of fiduciary duty claims arising from the Plans' investments in company stock); and (iv) the resources Class Counsel has committed to representing the class.  Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class.  Accordingly, the Court finds that Class Counsel shall serve as class lead counsel with respect to the Settlement Class in this Action.

6.      The Court having certified this Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class members shall be bound by the Settlement in this Action.

7. The notice given to the Settlement Class of the Settlement and the other matters set forth in the Agreement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Agreement, including the proposed Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement.

9. The Court hereby dismisses this action in its entirety as to Defendants General Motors Corporation, The Investment Funds Committee of General Motors' Board of Directors, E. Stanley O'Neal, Armando Codina, Kent Kresa, Eckhard Pfeiffer, Phillip A. Laskawy, Percy N. Barnevik, Nobuyuki Idei, John F. Smith, Jr., George M.C. Fisher, Willard Marriott, Jr., Ellen J. Kullman, G. Richard Wagoner, Jr., General Motors Investment Management Corporation ("GMIMCo"), Jean Rose, Cindy Gier, Paul Gonzales, Terry Lee, Jenny Machak, Robert Moroni, and Michael Morris, with prejudice and without costs (except as otherwise provided in the Agreement).

10. Upon the Effective Date, the Named Plaintiffs and each of the Settlement Class members, on behalf of themselves, their successors and assigns, and other Persons claiming (now or in the future) through or on behalf of them, and regardless of whether any such Named

Plaintiff or Settlement Class member ever seeks or obtains by any means, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Order, shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Releasees and shall have covenanted not to sue all such Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim against any Releasee.  The Release is subject to the express exclusions set forth in Section 4.4 of the Agreement.

11. Upon the Effective Date, all obligations of the Releasees to the Named Plaintiffs and the Settlement Class members with respect to any Claims that were alleged, or could have been alleged in this Action as of the date the Settlement Agreement was signed on December 17, 2007, on behalf of the Named Plaintiffs and the Settlement Class members in this action shall be fully, finally, and forever discharged, and all Settlement Class members shall be permanently barred and enjoined from instituting, prosecuting, pursuing or litigating in any manner (regardless of whether such Settlement Class members purport to act individually, representatively, or in any other capacity and regardless of whether such Persons purport to allege direct claims, claims for contribution, indemnification, or reimbursement, or any other claims) any such obligations.

12. Upon the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of this Order shall have, fully, finally and forever released, relinquished, and discharged each and all of the Settlement Class members and Class Counsel from all claims in connection with the institution, prosecution, assertion, settlement or resolution of this action or the Released Claims except to enforce the releases and other terms and conditions contained in the Agreement.

13. This Order is a final judgment in the action as to all claims among the Settling Defendants, on the one hand, and the Named Plaintiffs and all Settlement Class members, on the other.

14. The Court further finds the Plan of Allocation, as attached to the Settlement Agreement as Exhibit C, is fair and reasonable to all concerned, and hereby approves the Plan of Allocation.

15. The Court has considered Class Counsel's request for attorneys' fees and the reimbursement of the costs reasonably incurred in the prosecution of this action, and hereby awards the following amounts: $11,250,000.00 in attorneys' fees, and $175,329.49 as reimbursement of costs.

16. The Court has also considered the request for Service Awards for the Named Plaintiffs, and hereby awards the following amounts: Named Plaintiffs Al Balnius, Jerry L. Canter, Michael Birmingham, and Bryan Moore, shall each receive Service Awards in the amount of $4,000.00; Named Plaintiffs Jerry Don Fowle and William LaPrad shall each receive Service Awards in the amount of $2,000.00.

17. Without affecting the finality of this Order in any way, this Court retains continuing jurisdiction over (a) implementation of the Settlement, including the Structural Relief detailed therein; (b) any award or distribution of the Settlement Fund, including interest thereon; and (c) all other proceedings related to the implementation and enforcement of the terms of the Settlement Agreement.

18. In the event that the Effective Date does not occur, this Order shall be rendered null and void, and shall be vacated nunc pro tunc.

- 6 -

19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

IT IS SO ORDERED this 5th day of June, 2008.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 5, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager